UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK R. RISSMILLER, JR., *individually and as administrator of the estate of Michelle M. Rissmiller*, *deceased*, | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    No. 5:18-cv-00597 <br> : |
| NGK NORTH AMERICA, INC.; <br> NGK INSULATORS, LTD; <br> LEN VELKY; CABOT CORPORATION; <br> NGK METALS CORPORATION, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

# **O P I N I O N**
### Plaintiff's Motion to Remand, ECF No. 9 – Granted

**Joseph F. Leeson, Jr.**                                                                              **September 4, 2018**
**United States District Judge**

### I.     Introduction

Four of the Defendants in this action—three corporate entities: NGK North America, Inc., NGK Insulators, Ltd., and Cabot Corporation (Corporate Defendants), and one individual: Len Velky—have filed a notice of removal from Pennsylvania state court asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. *See* Notice of Removal ¶ 5, ECF No. 1.[1] In evaluating subject matter jurisdiction, the Defendants request that the Court disregard the citizenship of Mr. Velky, the sole non-diverse defendant, because the plaintiff fraudulently joined him in the action. *See id.* ¶ 25. Plaintiff Jack

---

[1]     After these Defendants filed the Notice of Removal, Rissmiller filed a First Amended Complaint that added NGK Metals Corporation as a Defendant. *See* First Am. Compl. ¶ 5, ECF No. 6.

R. Rissmiller, Jr., individually and as administrator of the Estate of Michelle M. Rissmiller, deceased, has filed a motion to remand this case to Pennsylvania state court because Mr. Velky was properly joined. *See* Pl.'s Mot. Remand 1, ECF No. 9. Defendants oppose the motion to remand. *See* Cabot Resp. Opp'n Pl.'s Mot. Remand 2, ECF No. 13; Velky and NGK Metal Resp. Opp'n Pl.'s Mot. Remand 4, ECF No. 14; NGK North America Resp. Opp'n Pl.'s Mot. Remand 4, ECF No. 16. Because Defendants fail to meet the heavy burden in showing that Rissmiller's claims against Velky have no reasonable basis in fact or colorable ground or that Rissmiller has no real intention in good faith to prosecute the action against Velky, the Court grants Rissmiller's motion.

## II. Background

### A. Procedural Background

In January 2018, Mr. Rissmiller filed a civil action complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. *See* Notice of Removal, Ex. 1. The Complaint names Corporate Defendants and Mr. Velky as defendants. *See* Compl. ¶¶ 3-4, 6-7. Cabot filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 alleging that Mr. Velky was fraudulently joined, and the other Defendants consented to the removal. *See* Notice of Removal ¶¶ 25-26, Ex. 2. Thereafter, Rissmiller filed an Amended Complaint and the present Motion to Remand, contending that Mr. Velky was not fraudulently joined and that the Court must therefore remand the action to state court pursuant to 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction over the action.

### B. Factual Background

The Complaint alleges the following facts.

At various times, Corporate Defendants operated a beryllium manufacturing facility in Reading, Pennsylvania (the Plant). *See* Compl. ¶¶ 9-10, 15-16. Cabot and its predecessors in interest operated the Plant for at least fifty years prior to 1986. *See id.* ¶ 10. NGK North America and NGK Insulators operated the Plant from approximately 1986 to 2001. *See id.* ¶ 9. The Plant manufactured, produced, and cleaned beryllium products from 1936 to 1992. *See id.* ¶¶ 15-16.

The Complaint alleges that Mr. Rissmiller's spouse, Michelle Rissmiller, contracted chronic beryllium disease as a result of her exposure to beryllium from the Plant and she perished from the disease in 2017. *See id.* ¶ 23. From 1962 to 2017, Ms. Rissmiller resided within at least 17.9 miles from the Plant, and regularly lived within 6.3 miles from the Plant. *See id.* ¶ 12. Mr. Rissmiller alleges several claims against Corporate Defendants: negligence, strict liability for abnormally dangerous activity, civil conspiracy/exemplary damages, exemplary damages, fraudulent concealment or nondisclosure, wrongful death, and a survival action. *See id.* ¶¶ 32, 38, 53, 57, 60, 64, 73.

The Complaint alleges that all times while Ms. Rissmiller resided near the Plant, Mr. Velky was involved in enforcing safety policies and air control and making representations regarding policies. *See id.* ¶ 41. Mr. Velky knowingly participated in the allegedly tortious conduct of Corporate Defendants in advocating for dangerous emission standards and actively misleading the public. *See id.* ¶ 42. Velky was aware that false assurances were made to the public regarding beryllium exposure. *See id.* ¶ 41. Mr. Rissmiller alleges several claims against Mr. Velky: negligence, civil conspiracy/exemplary damages, exemplary damages, fraudulent concealment or nondisclosure, wrongful death, and a survival action. *See id.* ¶¶ 44, 53, 57, 60, 64, 73.

### III. Standard of Review – Fraudulent Joinder

In a diversity of citizenship action, a court has jurisdiction over the matter in controversy if the "sum or value exceeds $75,000 . . . and is between . . . citizens of different States[.]" *See* 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1447(c), a court must remand the case if the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). However, "[t]he doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). If a court determines that the joinder of a party was fraudulent, the court can "disregard, for jurisdictional purposes, the citizenship of [the non-diverse defendant]" and retain subject matter jurisdiction; however, if the joinder is not fraudulent, the court does not have subject matter jurisdiction and must remand the case to state court. *Id.* (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

A defendant has been fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). Claims against the joined defendant are not colorable if they are "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992).

On motion for remand, a court must "focus on the plaintiff's complaint at the time the petition for removal was filed[.]" *Batoff*, 977 F.2d at 851 (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). A court "must assume as true all factual allegations of the complaint." *Id.* "It also must 'resolve any uncertainties as to the current

state of controlling substantive law in favor of the plaintiff.'" *Id.* (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). A court may engage in "a limited consideration of reliable evidence that the defendant may proffer to support the removal . . . [, including] the record from prior proceedings . . . or in other relevant matters that are properly subject to judicial notice." *Briscoe,* 448 F.3d at 220. In doing so, a court must be careful to not cross the "threshold jurisdictional issue into a decision on the merits." *Id.* at 219.

The removing party has a "heavy burden of persuasion" because removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff*, 977 F.2d at 851 (quoting *Steel Valley*, 809 F.2d at 1010, 1012 n.6). "[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Id.* at 852. "[I]t is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Id*. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

**IV. Analysis**

**A.  There is a reasonable basis in fact or colorable ground supporting Mr. Rissmiller's negligence and fraudulent concealment claims against Mr. Velky.**

**i.  There is a reasonable basis in fact or colorable ground supporting Mr. Rissmiller's negligence claim against Mr. Velky.**

To establish a negligence claim, "[a] plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the

plaintiff, and the plaintiff suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." *Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009) (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)). Pennsylvania law recognizes the "participation theory" of liability in a negligence action; an officer of a corporation can be held liable for the tort of a corporation if he "specifically directed the particular act to be done or participated, or cooperated therein." *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983). Corporate officers may be held liable for "misfeasance" but not "mere nonfeasance." *Id.*

As set forth above, the Complaint alleges that Mr. Velky knowingly participated in failing to reduce beryllium emissions, advocating for dangerous emission standards, and actively misleading the public regarding emissions. *See* Compl. ¶¶ 41-42. At a minimum, therefore, the Complaint alleges that Mr. Velky engaged in misfeasance by actively participating in the allegedly negligent action.

Cabot, in support of its opposition to Mr. Rissmiller's Motion, has submitted an affidavit from Mr. Velky as well as excerpts of deposition testimony from Mr. Velky in previous cases. According to Cabot, this evidence shows that the negligence claim against Mr. Velky is baseless. But this is not the type of "reliable evidence" of which the Court can take judicial notice in assessing fraudulent joinder. *See Abels*, 770 F.2d at 33 (observing that it would be premature to declare that there is no basis in fact for the allegations before a reasonable opportunity to complete discovery and develop a record). The Court is not permitted to disregard the well-pleaded facts of the Complaint and cross the "threshold jurisdictional issue into a decision on the merits." *Briscoe*, 448 F.3d at 220. Accordingly, based on the well-pleaded facts of the

Complaint, there is a reasonable basis in fact or colorable ground supporting Mr. Rissmiller's negligence and fraudulent concealment claims against Mr. Velky.

> ii. There is a reasonable basis in fact or colorable ground supporting Mr. Rissmiller's fraudulent concealment claim against Mr. Velky.

Although Mr. Rissmiller's colorable negligence claim is sufficient to warrant remand, out of an abundance of caution the Court further observes that Mr. Rissmiller states a colorable fraudulent concealment claim as well. "The essential elements of a cause of action for fraud or deceit are a misrepresentation, a fraudulent utterance thereof, an intention to induce action thereby, justifiable reliance thereon and damage as a proximate result." *Wilson v. Donegal Mut. Ins. Co.*, 598 A.2d 1310, 1315-16 (Pa. Super. Ct. 1991). Although Pennsylvania does not recognize an action for nondisclosure unless under a duty to disclose, Pennsylvania does recognize a cause of action for active concealment regardless of any such duty. *See Gnagey Gas & Oil Co. v. Pa. Underground Storage Tank Indemnification Fund*, 82 A.3d 485, 500 (Pa. Commw. Ct. 2013). ("Pennsylvania law recognizes a difference between active concealment and mere silence in the context of common law fraud."); *see also Wilson*, 598 A.2d at 1315-16 ("While concealment may constitute fraud, however, mere silence is not sufficient in the absence of a duty to speak."). Active concealment includes "deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter." *Gnagey*, 82 A.3d at 501.

Cabot correctly notes that the section of the Complaint regarding fraudulent concealment or nondisclosure does not specifically allege that Mr. Velky concealed any information or mention Mr. Velky other than in the header of the section. But the Complaint alleges in another section that Mr. Velky knowingly participated in advocating for dangerous emission standards and actively misleading the public that the ventilatory controls were adequate. *See* Compl. ¶ 42.

Based on these allegations, Mr. Rissmiller's fraudulent concealment claim is not wholly insubstantial or frivolous under Pennsylvania law, and the claim against Mr. Velky is colorable.

**B.    Defendants have not demonstrated that Mr. Rissmiller does not intend in good faith to prosecute the action against Mr. Velky.**

Defendants contend that the litigation history of Mr. Rissmiller's counsel shows that Mr. Rissmiller does not intend to prosecute the action against Mr. Velky in good faith.

For support, Cabot cites *In re Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig.*, 257 F. Supp. 3d 717, 720-21 (E.D. Pa. 2017), in which the court disregarded the citizenship of a defendant in a multidistrict litigation action because there was "no instance in which any of the numerous Zoloft plaintiffs have propounded meaningful discovery on [the non-diverse defendant]" and the Zoloft plaintiffs "dismissed [the non-diverse defendant] in other state and federal Zoloft cases." *Zoloft*, 257 F. Supp. 3d at 720-21. As a threshold issue, it is unclear if it is appropriate to apply *Zoloft* outside of the context of an action transferred to the Court as part of multidistrict litigation. *See Minehart v. McElhinny*, No. CV 17-3349, 2017 WL 5885730, at *5 (E.D. Pa. Nov. 28, 2017) (questioning the application of *Zoloft* to a motion to remand outside a MDL context but finding that the defendant failed to allege a consistent lack of prosecution). But in any event, Cabot has not shown that there is "no instance in which any of the [beryllium] plaintiffs have propounded meaningful discovery on [Mr. Velky]." *Zoloft*, 257 F. Supp. 3d at 720. Rather, the testimony excerpts submitted by Cabot demonstrate that the prior beryllium cases have involved meaningful discovery on Mr. Velky, including a thirteen-hour deposition taken by Mr. Rissmiller's counsel. *See* Cabot Mem. Opp'n Pl.'s Mot. Remand Ex. A, F, G.[2]

---

[2]    The *Zoloft* court also suggests that fraudulent joinder may be indicated where counsel had the opportunity to prosecute a claim against the joined defendant and failed to do so. *See Zoloft*, 257 F. Supp. 3d at 721. But Cabot provides scant evidence to demonstrate that prior plaintiffs failed to prosecute a claim against Mr. Velky. Cabot notes that Mr. Velky has been named in

Cabot also highlights that Mr. Rissmiller's counsel: (1) filed nine beryllium exposure actions in federal court before March 2002 without naming Mr. Velky; (2) filed over forty beryllium exposure actions in Pennsylvania state court after March 2002 which named Mr. Velky; (3) did not name Mr. Velky in *Pohl v. NGK Metals Corp.*, 936 A.2d 43 (Pa. Super. Ct. 2007); and (4) named and then dismissed Mr. Velky in *Sheridan*. *See* Cabot Mem. Opp'n Pl.'s Mot. Remand 22-23, Exs. B, C, D. But even if this history suggests that counsel may have considered naming Mr. Velky as a strategic decision to defeat diversity, "in a removal proceeding the motive of a plaintiff joining defendants is immaterial, provided there is in good faith a cause of action against those joined." *See Chaborek v. Allstate Fin. Servs., LLC*, 254 F. Supp. 3d 748, 753 (E.D. Pa. 2017) (quoting *Mecom v. Fitzsimmons Drilling Co. Inc.*, 284 U.S. 183, 189 (1931)). "The fact that the plaintiff['s] motive for joining a . . . defendant is to defeat diversity is not considered indicative of fraudulent joinder." *Abels*, 770 F.2d at 32.

Finally, Cabot contends that it is proper to take judicial notice of the financial viability of a claim against Mr. Velky. *See* Cabot Mem. Opp'n Pl.'s Mot. of Remand 22 (citing *Bentley v. Merck & Co.,* No. 17-1122, 2017 WL 2311299 (E.D. Pa. May 26, 2017)). But in *Bentley* the court took notice that plaintiff's counsel "stated candidly in answer to a question from the court that plaintiffs have no intention of pursuing judgments against [the non-diverse defendant]." *See Bentley*, 2017 WL 2311299, at *3. Here, there is no indication that Mr. Rissmiller's counsel has made such a statement.

In short, Defendants fail to show that Mr. Rissmiller lacks good faith in prosecuting the action against Mr. Velky.

---

approximately forty cases regarding beryllium exposure. *See* Cabot Mem. Opp'n Pl.'s Mot. of Remand 23, Ex. D. Mr. Velky's affidavit states that no judgment has ever been entered against him in any of the cases. *See id.* Ex. A. But unsuccessful litigation is not evidence that other plaintiffs have failed to prosecute their claims against Mr. Velky.

## V. Conclusion

For the reasons set forth above, because Defendants fail to meet the heavy burden in showing that Rissmiller's claims against Velky have no reasonable basis in fact or colorable ground or that Rissmiller has no real intention in good faith to prosecute the action against Velky, the Court grants Rissmiller's Motion to Remand. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge